**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                                 Case No. 3:23-bk-03050-JAB

MICHAEL JOSEPH LUTZ and                              Chapter 11
PAMELA ADELL LUTZ,                                         Sub Chapter V

   Debtors.
_____/

**DEBTORS' EXPEDITED MOTION TO APPROVE COMPROMISE**
**[REQUEST FOR EXPEDITED HEARING ON FEBRUARY 27, 2024]**

The Debtors, Michael Joseph Lutz and Pamela Adell Lutz (collectively, "Debtors"), by and through their undersigned counsel, and pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 2002-4, 9013-1 and 9019-1, hereby move this Court for the entry of an order approving the compromise and settlement between the Debtors and Kicking Grass Properties LLC ("Borrower") with First National Bank of Pennsylvania ("FNB") on the terms set forth in the attached Agreement (as defined herein) with consideration on an expedited basis for the reasons set forth herein, and in support thereof, states:

**FACTUAL AND PROCEDURAL POSTURE**

1. On December 11, 2023, Debtors filed their voluntary petition under the provisions of Chapter 11 Subchapter V of title 11 of the United States Code (the "Bankruptcy Code") (the "Petition Date").

2. Prior to the Petition Date, Borrower and/or its affiliate leased the commercial premises located at 2463 SW 27th Avenue, Ocala, FL 34471 (the "Premises") for operations by the Borrower as a restaurant (the "Restaurant"). Debtors executed a guaranty of the obligations set forth in the lease for the Premises.

3.     The Borrower stopped operating the Restaurant from the Premises in or around November of 2023, and post-petition, returned the keys to the Premises to the landlord.

4.     On January 12, 2024, FNB filed its Claim No. 8 in the amount of $1,237,814.72 [Claim 8-1] (the "FNB Claim"), bifurcated with a secured claim of $462,178.01 and an unsecured claim of $775,636.71.  FNB holds a first priority perfected lien against the Collateral (as defined in the Agreement), among other security.

5.     As of the filing of this Motion, Borrower has relinquished possession of the Premises, but the Collateral, which could be sold to reduce the amount of the FNB Claim, still remains in the Premises.  In promptly moving for the relief set forth herein, the Debtors are attempting to limit any further exposure to the Debtors or Borrower for obligations arising or relating to the lease of the Premises while reducing the amount of the FNB Claim without the need for litigation.

6.     Debtors, Borrower, and FNB have accordingly reached an agreement to settle any and all potential disputes between them with respect to the retaking and commercially reasonable disposition of the Collateral (as defined in the Agreement) by FNB (the "Agreement").  The executed Agreement is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. § 1408.

8. The statutory predicates for the relief requested herein are 11 U.S.C. § 105(a), Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9019-1.

## **PROPOSED SETTLEMENT AGREEMENT**

9. The Debtors request that this Court approve the terms set forth in the Settlement Agreement. The salient terms of the Settlement Agreement are as follows:

    a. The Debtors and Borrower will be provided with a credit in the amount of the greater of $66,000.00, representing the appraised orderly liquidation value of the Collateral, and the actual value received by FNB from the disposition of the Collateral after deducting all fees and costs associated with the disposition with such credit to be applied to the indebtedness as to the Debtors through the amendment of the Claim in this bankruptcy case (the "Credit");

    b. FNB shall have absolute discretion in the manner of disposition of the Collateral including, without limitation, in its present condition and without further inspection, preparation or processing, through a public or private sale from the Premises, and without any further notice to the Debtors or Borrower except as provided by the Credit;

    c. The Debtors and Borrower waive any and all potential claims relating to the retaking and disposition of the Collateral by FNB, and any potential claims arising out of or relating to the commercially reasonable disposition of the Collateral including, but not limited to, the method, manner, time, place, noticing, and any other statutory or common law requirement relating to the disposition of the Collateral; and

    d. The Borrower shall execute a bill of sale for the Collateral contemporaneous with the execution of the Agreement.

## **MEMORANDUM OF LAW**

10. Bankruptcy Rule 9019(a) grants the Court authority to approve post-petition settlements of claims and controversies. Under this authority, bankruptcy courts consider the overall wisdom of compromising and settling disputes arising in bankruptcy

cases. *See, e.g.*, *In re Air Safety Developmental, L.C.*, 336 B.R. 843 (S.D. Fla. 2005); *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (citing *Protective Comm. for Indep. Stockholders of TM Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968)). In reviewing a proposed settlement, the Court's ultimate inquiry should be "whether the proposed settlement is fair and equitable." *In re Air Safety Developmental, L.C.*, 336 B.R. at 843 (citing *In re Gallagher*, 283 B.R. 342, 246 (Bankr. M.D. Fla. 2002)). Ultimately, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the Court should approve settlements that meet a minimal threshold of reasonableness. *See, e.g.*, *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) ("This Court has broad discretion to approve a settlement or compromise, and it should do so unless the proposed settlement falls below the lowest point in the range of reasonableness.").

11. The Eleventh Circuit has set forth standards for Bankruptcy Courts to apply in analyzing proposed settlements:

> When a bankruptcy court decides whether to approve or disapprove of a proposed settlement, it must consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of creditors and a proper deference to their reasonable view in the premises.

*Wallis v. Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990). In considering these factors, the ultimate question is whether the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate. *See In re Winn Dixie*, 356 F.R. at 251 (overruling certain objections to a proposed compromise and concluding that the settlement was in the best interest of the debtors'

estates); *Gallagher*, 283 B.R. at 346 ("[T]he bankruptcy court must determine whether the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate.").

12.  The Bankruptcy Court may approve not only settlements of pending lawsuits, but also settlements of controversies affecting the estate. Settlements allow the estate to avoid risks and expenses associated with litigation. *See In re Winn Dixie*, 356 B.R. at 250 (Bankr. M.D. Fla 2006) ("if this case were to proceed to litigation… the protracted litigation could wipe out the bankruptcy estate"). It is not only borrowers that may contest the commercially reasonable disposition of collateral in Florida, but also guarantors. *See, e.g., Tropical Jewelers Inc. v. Nationsbank N.A. (South)*, 781 So. 2d 392, 394-97 (Fla. 3d DCA 2000).

13.  Here, the terms of the Settlement Agreement are fair and equitable. The Settlement Agreement, if approved, resolves the disputes and controversies between the Debtors, FNB, and Borrower, avoids potentially costly and protracted litigation over the disposition of the Collateral, and importantly avoids further accrual of expenses associated with the delay inherent in retaking and disposing of the Collateral, especially if a public sale were to be required. This Motion accordingly seeks a hearing on an expedited basis due to the need to dispose of the Collateral remaining in the Premises while it is potentially at risk due to the post-petition relinquishment of the Premises to the landlord.

WHEREFORE, Debtors respectfully requests that this Court enter an Order: (i) granting this Motion in its entirety; (ii) finding that the Settlement Agreement is fair and equitable and in the best interest of the bankruptcy estate; (iii) approving the Settlement

Agreement in all respects; (iv) directing the parties to act in accordance with the specific terms and conditions of the Settlement Agreement; and (v) granting such other and further relief as is just and equitable.

Dated: February 21, 2024.

                                                            RICHARD A. PERRY, P.A.
                                                          Law Practice

                                                          /s/ Richard A. Perry
                                                          RICHARD A. PERRY
                                                          FL Bar No. 394520
                                                          820 East Fort King Street
                                                          Ocala, Florida 34471-2320
                                                          (352)732-2299
                                                          richard@rapocala.com
                                                          Attorney for Debtors
                                                          Michael Joseph Lutz
                                                          Pamela Adell Lutz

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 21, 2024, a true and correct copy of the foregoing was served on all parties listed on the attached service list.

                                                          /s/ Richard A. Perry
                                                          Attorney
                                                          FL Bar No. 394520

EXHIBIT "A"

## SETTLEMENT AGREEMENT WITH LIMITED RELEASE

This Settlement Agreement with Limited Release ("Agreement") is made and entered into by and between Michael J. Lutz and Pamela A. Lutz (collectively, "Debtors") and Kicking Grass Properties LLC ("Borrower"), on the one hand, and First National Bank of Pennsylvania ("Lender") on the other hand (each individually, "Party" and collectively as "Parties").

### WITNESSETH:

**WHEREAS**, pursuant to a lease dated July 7, 2022 by and between MFBY Ocala LLC ("Landlord") and Borrower and/or its affiliate, Borrower leased the commercial premises located at 2463 SW 27th Avenue, Ocala, FL 34471 (the "Premises") for operations by the Borrower as a restaurant (the "Restaurant");

**WHEREAS**, Lender made a commercial loan (the "Loan") pursuant to that certain Construction Loan Agreement dated March 31, 2023 executed by Borrower in favor of Lender (the "Loan Agreement"), as evidenced by that certain Note dated March 31, 2023 executed by Borrower in favor of Lender in the original principal amount of $1,286,000.00 (the "Note"), which is secured by, relevant here but without limitation, that certain Security Agreement of the same date executed by Borrower in favor of Lender as perfected by that certain UCC-1 recorded in Official Records Book 8015, Page 516 of the Public Records of Marion County, Florida and as Instrument #202300766598 in the Florida Secured Transactions Registry (the "Security Agreement"), and those certain Unconditional Guarantee agreements collectively dated March 31, 2023 and executed individually by the Debtors (collectively, the "Guaranty") (the Loan Agreement, Note, Security Agreement, Guaranty and all other documents which evidence and/or secure the Loan and which are not specifically identified herein are referred to as the "Loan Documents");

**WHEREAS**, Borrower defaulted under the terms of the Note and all other Loan Documents by failing to make the monthly payment when due for November 2023 and all months thereafter;

**WHEREAS**, on or about December 11, 2023, Debtors filed their voluntary petition under Chapter 11 Subchapter V of Title 11, United States Code, in the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division, Case No. 3:23-bk-03050-JAB (the "Bankruptcy Case");

**WHEREAS**, Debtors are Managers of the Borrower and guarantors of the Note through the Guaranty;

**WHEREAS**, Borrower has stated that it has no further intention to operate the Restaurant at the Premises and therefore no further need for the personal property and fixtures, if any, described in the Security Agreement (as defined therein, the "Collateral");

**WHEREAS**, Borrower has returned the keys to the Premises to Landlord consistent with Borrower's intention to cease operations of the Restaurant from the Premises;

**WHEREAS**, the Parties have agreed to the disposal of the Collateral in the commercially reasonable manner set forth herein on an expedited basis in light of the limited access to the Premises because Borrower has returned the keys to the Premises to Landlord and potential claims may accrue against Borrower under the Lease if the Collateral remains in the Premises;

**WHEREAS**, on January 12, 2024, Lender filed Claim No. 8 in the Bankruptcy Case in the amount of $1,237,814.72 (the "Claim"); and

**NOW THEREFORE**, in consideration of the matters described above, and in consideration of the mutual promises, covenants, and obligations set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is being hereby acknowledged, the Parties agree as follows:

1. <u>Compromise Motion and Court Approval.</u> In conjunction with the execution of this Agreement, counsel for Debtors shall execute and promptly file a motion in the Bankruptcy Case seeking approval of this Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and a hearing on an expedited basis (the "Motion"). The Motion shall recite the need for the Parties to dispose of the Collateral on an expedited basis to mitigate the accrual of further fees and costs relating to the Premises.

2. <u>Disposition of Collateral.</u> Upon the entry order approving the Motion, Lender shall have absolute discretion in the manner of disposition of the Collateral including, without limitation, in its present condition and without further inspection, preparation or processing and through a public or private sale from the Premises, and without any further notice to the Debtors or Borrower, except as specifically provided in Section 3 below.

3. <u>Disposition Credit to Debtors and Borrower.</u> As consideration for this Agreement, Lender shall provide the Debtors and Borrower with a credit against the indebtedness arising from the Loan in the amount of the greater of $66,000.00, representing the appraised orderly liquidation value of the Collateral, and the actual value received by Lender from the disposition of the Collateral after deducting all fees and costs associated with the disposition (the "Credit"). Lender shall amend the Claim in the Bankruptcy Case to reflect the Credit after the disposition of the Collateral.

4. <u>Bill of Sale.</u> To permit the prompt disposition of the Collateral, Borrower shall execute a bill of sale for the Collateral in the form attached hereto as Exhibit A contemporaneously with the execution of this Agreement.

5. <u>Limited Release.</u> Except for the obligations under this Agreement, in consideration of all of the above, Debtors and Borrower, together with their respective agents, employees, representatives, attorneys and assigns, and/or anyone claiming by, through or under any of them, hereby release Lender, together with its predecessors, successors, assigns, parent corporations, subsidiary corporations, affiliate corporations, successors, agents, and their officers, directors, shareholders, employees, representatives, members, insurers, contractors, attorneys and assigns, and/or anyone claiming by, through or under any of them, from any and

all claims, counterclaims, demands, debts, actions, causes of actions, suits, contracts, agreements, obligations, accounts, defenses, offsets and liabilities, direct or indirect, known or unknown, liquidated or contingent, suspected or unsuspected, in law or in equity, arising out of or relating to the commercially reasonable disposition of the Collateral by Lender including, without limitation, the method, manner, time, place, noticing, and any other statutory or common law requirement relating to the disposition of the Collateral.

6. <u>Reservation of Rights by Lender.</u>  Except as specifically provided herein, nothing in this Agreement shall constitute any release, discharge, or waiver by Lender of any of its rights or remedies under the law with respect to the Borrower or Debtors.  Lender expressly reserves all of its rights and remedies afforded by law, including without limitation, the right to collect upon and seek recovery from the Borrower or Debtors for any amounts that may be owing to Lender, including, but not limited to, those rights afforded to Lender in the Bankruptcy Case with respect to its Claim against the Debtors and those at law with respect to Borrower.

7. <u>Representations and Warranties.</u>  The Parties acknowledge, warrant, and represent the following:

    a. The individuals signing this Agreement on behalf of the Parties are duly authorized and fully competent to do so, subject to the condition precedent of the Debtors obtaining entry of a final order approving this settlement by the Bankruptcy Court;

    b. No tax advice has been offered or given by either party in the course of these negotiations, and each Party is relying upon the advice of its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Agreement;

    c. The Parties subsequently may discover facts different from or in addition to those now known or believed to be true regarding the subject matter of this Agreement, and agree that this Agreement shall remain in full force and effect notwithstanding the existence or discovery of any such different or additional facts; and

    d. The representations and warranties shall survive this Agreement.

8. <u>Advice of Counsel.</u>  In entering into this Agreement, the Parties represent that they respectively relied upon, or had the opportunity to rely upon, the advice of counsel of their own choice, and the terms of this Agreement have been completely read and that those terms are fully understood and voluntarily accepted.

9. <u>Construction.</u>  The Parties agree they have reviewed this Agreement and that any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not apply to the interpretation of this Agreement.

10. <u>Merger, Integration, and Amendment.</u>  The Parties acknowledge that this Agreement contains the entire agreement of the Parties, all prior oral or written statements, representations, and covenants are merged into this Agreement, and any other agreements not expressly stated herein are void and have no further force and effect.  The Parties agree that the Agreement may not be amended or modified except by a subsequent, written agreement executed by all of the Parties.

11. <u>Severability.</u>  The Parties agree that if any court or tribunal of competent jurisdiction determines that any provision of this Agreement is illegal, void, invalid or unenforceable, such illegal, void, invalid or unenforceable provision shall be severed from the Agreement and the remainder of this Agreement shall not be affected thereby and shall remain in full force and effect.

12. <u>Counterparts.</u>  This Agreement may be executed in any number of counterparts or on separate signature pages, all of which shall, for all purposes, constitute and be fully effective as one agreement.  All such counterparts or separate signature pages shall constitute one and the same instrument and be considered an original agreement, binding on the Parties hereto, notwithstanding that all Parties may not be a signatory to the same counterpart.  An executed facsimile or electronic copy of this Agreement or any counterparts thereto, including addenda or exhibits thereto, shall be binding for all purposes.

13. <u>Waiver.</u>  No waiver or breach of this Agreement shall be construed as a continuing waiver or consent to any subsequent breach thereof.

14. <u>No Duress.</u>  All Parties hereto have entered this Agreement voluntarily and of their own free will and without any undue influence, incapacity or otherwise.

15. <u>Governing Law.</u>  The Parties agree that this Agreement shall be subject to, governed by, and construed and enforced pursuant to the laws of the State of Florida.

16. <u>Further Assurances.</u>  The Parties each agree to execute and deliver such further documents, stipulations, or instruments, and to take such further actions, as may be reasonably requested by any of them at any time, or from time to time, hereafter in order to carry out the intent and purposes of this Agreement.

[Remainder of Page Intentionally Left Blank]

| First National Bank of Pennsylvania | Kicking Grass Properties LLC |
|---|---|
| By: _____ | */s/ Michael Joseph Lutz* |
| Its: | By: Michael Joseph Lutz |
| | Its: Manager of Kicking Grass Properties LLC |
| | */s/ Pamela Adell Lutz* |
| | By: Pamela Adell Lutz |
| | Its: Manager of Kicking Grass Properties LLC |
| | */s/ Michael Joseph Lutz* |
| | Michael Joseph Lutz, individually, as Guarantor |
| | */s/ Pamela Adell Lutz* |
| | Pamela Adell Lutz, individually, as Guarantor |

[Signature Page 1 of 1 to Settlement Agreement with Limited Release]

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-3<br>Case 3:23-bk-03050-JAB<br>Middle District of Florida<br>Jacksonville<br>Wed Feb 21 08:44:40 EST 2024 | ACHIEVE PERSONAL LOANS<br>2114 E FREEDOM WAY<br>Tempe, AZ 85288-6230 | BEST EGG<br>PO BOX 3999<br>Saint Joseph, MO 64503-0999 |
| BHG CARDMEMER SRVS<br>P. O. BOX 306005<br>Nashville, TN 37230-6005 | BLAINS FARM AND FLEET<br>PO BOX 2557<br>Omaha, NE 68103-2557 | (p)BANKERS HEALTHCARE GROUP LLC<br>ATTN BANKRUPTCY DEPT<br>201 SOLAR STREET<br>SYRACUSE NY 13204-1425 |
| CAPITAL ONE<br>P.O. BOX 30281<br>Salt Lake City, UT 84130-0281 | CHENEY BROTHERS, INC<br>2801 W. Silver Springs Blvd.<br>Ocala, FL 34475-5655 | CINTAS<br>PO BOX 630910<br>Cincinnati, OH 45263-0910 |
| CITI CARDS<br>PO BOX 70272<br>Philadelphia, PA 19176-0272 | CITIZENS PAY<br>1 CITIZENS WAY<br>Johnston, RI 02919-1922 | CITY OF OCALA<br>110 SE WATULA AVE<br>Ocala, FL 34471-2180 |
| COMENITY BANK<br>BANKRUPTCY DEPARTMENT<br>P.O. BOX 182125<br>Columbus, OH 43218-2125 | COX BUSINESS<br>2410 SW 27TH AVE<br>Ocala, FL 34471-4308 | CSU PRODUCER RESOURCES INC<br>6200 SOUTH GILMORE RD<br>Fairfield, OH 45014-5141 |
| Chevron FCU d/b/a Spectrum CU<br>c.o. Tribute Capital Partners LLC<br>P.O. Box 167762<br>Irving, TX 75016-7762 | Aaron R. Cohen<br>P.O. Box 4218<br>Jacksonville, FL 32201-4218 | DB SERVICING CORP<br>PO BOX 3025<br>New Albany, OH 43054-3025 |
| DISCOVER<br>BANKRUPTCY DEPT<br>P.O. BOX 6103<br>Carol Stream, IL 60197-6103 | (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 | Discover Bank<br>P.O. Box 3025<br>New Albany, Oh 43054-3025 |
| (p)FIFTH THIRD BANK<br>MD# ROPS05 BANKRUPTCY DEPT<br>1850 EAST PARIS SE<br>GRAND RAPIDS MI 49546-6253 | FIFTH THIRD BANK<br>P.O. BOX 63900 CC 3110<br>Cincinnati, OH 45263-0900 | FIFTH THIRD BANK<br>P.O. BOX 740789<br>Cincinnati, OH 45274-0789 |
| FIRST NATIONAL BANK OF PA.<br>401 S GRAHAM ST STE 1600<br>Charlotte, NC 28202-4102 | (p)FIRST NATIONAL BANK OF OMAHA<br>1620 DODGE ST<br>STOP CODE 3113<br>OMAHA NE 68102-1593 | FRANCHISE CAPITOL SOLUTIONS<br>PO BOX 1622<br>Columbus, NE 68601-0640 |
| Fifth Third Bank, N.A.<br>5001 Kingsley Drive<br>1MOBBW<br>Cincinnati, Ohio 45227-1114 | Fifth Third Bank, N.A.<br>PO Box 9013<br>Addison, Texas 75001-9013 | Fifth Third Bank, NA<br>c/o Nicole Mariani Noel, Esq.<br>P.O. Box 800<br>Tampa, FL 33601-0800 |

```
Fifth Third Bank, National Association      First National Bank of Pennsylvania      First National Bank of Pennsylvania
c/o Nicole Mariani Noel                     c/o Shutts & Bowen LLP                   100 Federal Street, 4th
P.O. Box 800                                4301 W. Boy Scout Blvd., Ste. 300        Pittsburgh, PA 15212-5708
Tampa, FL 33601-0800                        Tampa, FL 33607-5716


First National Bank of Pennsylvania         Florida Dept of Revenue                  Florida Dept. of Revenue
c/o Shutts & Bowen LLP                      P.O. Box 6668                            Bankruptcy Unit
Attn:  Ryan C. Reinert, Esq.                Tallahassee, FL 32314-6668               P.O. Box 6668
4301 W Boy Scout Blvd, Ste. 300                                                      Tallahassee, FL 32314-6668
Tampa, FL 33607-5716


GAS BUDDY                                   GOODLEAP LLC                             IRS
P.O. BOX 650946                             8781 SIERRA COLLEGE BLVD                 Centralized Insolvency Operations
Dallas, TX 75265-0964                       Roseville, CA 95661-5920                 P.O. Box 7346
                                                                                     Philadelphia, PA 19101-7346


Internal Revenue Service                    KICKING GRASS PROPERTIES LLC             KICKING GRASS PROPERTIES LLC
PO Box 7346                                 9965 SW 206TH CIR                        9965 SW 206th Circle
Philadelphia, PA  19101-7346                Dunnellon, FL 34431-5840                 Dunnellon, FL 34431-5840


KOHL'S                                      Jill E Kelso                             LIGHTSTREAM
PO BOX 3115                                 Office of the United States Trustee      PO BOX 117320
Milwaukee, WI 53201-3115                    400 W. Washington Street                 Atlanta, GA 30368-7320
                                            Suite 1100
                                            Orlando, FL 32801-2440


Stephanie C Lieb                            LightStream, a division of Truist Bank   Michael Joseph Lutz
Trenam Law                                  PO Box 1847                              9965 SW 206th Circle
101 East Kennedy Boulevard, Suite 2700      Wilson, NC 27894-1847                    Dunnellon, FL 34431-5840
Tampa, FL 33602-5150


Pamela Adell Lutz                           MFBY OCALA LLC                           MFBY Ocala LLC
9965 SW 206th Circle                        810 SEVENTH AVE                          c/o Stephanie C Lieb
Dunnellon, FL 34431-5840                    10TH FLOOR                               101 East Kennedy Boulevard, Suite 2700
                                            New York, NY 10019-5887                  Tampa, FL 33602-5150


Marion County Tax Collector                 NUCO2                                    Nicole Mariani Noel
P.O. Box 970                                304 SW 33RD AVE                          Kass Shuler, P.A.
Ocala FL 34478-0970                         Ocala, FL 34474-1925                     PO Box 800
                                                                                     Tampa, FL 33601-0800


ORKIN PEST CONTROL                          PAY PAL CREDIT SERVICES                  PAYPAL CREDIT SERVICES
811 NE 16TH STREET                          71718                                    P. O. BOX 960080
STE 101                                     Philadelphia, PA 19176                   Orlando, FL 32896-0080
Ocala, FL 34470-4291


(p)PNC BANK RETAIL LENDING                  PROSPER MARKET PLACE                     PROVOST
P O BOX 94982                               221 MAIN ST STE 300                      208 W 25TH STREET
CLEVELAND OH 44101-4982                     San Francisco, CA 94105-1909             Norfolk, VA 23517-1308
```

| | | |
|---|---|---|
| Richard A Perry<br>Richard A Perry PA<br>820 East Fort King Street<br>Ocala, FL 34471-2320 | Richard A. Perry<br>Richard A. Perry, P.A.<br>820 East Fort King Street<br>Ocala, FL 34471-2320 | RD MANAGMENT LLC<br>810 SEVENTH AVE<br>10TH FLOOR<br>New York, NY 10019-5887 |
| Ryan C Reinert<br>Shutts & Bowen LLP<br>4301 W Boy Scout Blvd, Ste 300<br>Tampa, FL 33607-5716 | Resurgent Capital Services as servicing agen<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | SBA<br>409 3RD ST SW<br>Washington, DC 20416-0005 |
| SBA<br>LISA STILL<br>7825 BAY MEADOWS WAY<br>STE 100 B<br>Jacksonville, FL 32256-7549 | (p)CHEVRON FEDERAL CREDIT UNION<br>PO BOX 4107<br>CONCORD CA 94524-4107 | SYNCHRONY BANK<br>ATTN: BANKR DEPT<br>P.O. BOX 965060<br>Orlando, FL 32896-5060 |
| SYSCO CENTRAL FL, INC<br>200 WEST STORY<br>Ocoee, FL 34761-3004 | Secretary of the Treasury<br>15th & Pennsylvania Ave., NW<br>Washington, DC 20220-0001 | Synchrony Bank<br>by AIS InfoSource LP as agent<br>PO Box 4457<br>Houston, TX  77210-4457 |
| TECO<br>P.O. Box 31017<br>Tampa, FL 33631-3017 | U.S. Securities & Exchange Commission<br>Office of Reorganization<br>950 East Paces Ferry Road, N.E.<br>Suite 900<br>Atlanta, GA 30326-1382 | United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 |
| United States Trustee - JAX 11<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | WAYNE AUTO FIRE SPRINKLERS<br>222 CAPITOL COURT<br>Ocoee, FL 34761-3033 | WEX BANK<br>P.O. BOX 6293<br>Carol Stream, IL 60197-6293 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Bankers Healthcare Group, LLC<br>201 Solar Street<br>Syracuse, NY 13204-201 | DISCOVER<br>P0 BOX 30943<br>Salt LK City, UT 84130-0943 | FIFTH THIRD BANK<br>5050 KINGSLEY DR MD 1MOCOP<br>Cincinnati, OH 45263 |
| FNB OMAHA<br>PO BOX 3412<br>Omaha, NE 68103-0412 | (d)First National Bank of Omaha<br>1620 Dodge St Stop Code 3113<br>Omaha, NE 68197 | PNC BANK NA<br>P.O. BOX 94982<br>Cleveland, OH 44101 |
| SPECTRUM CREDIT UNION<br>PO BOX 4107<br>Concord, CA 94524 | End of Label Matrix<br>Mailable recipients    77<br>Bypassed recipients     0<br>Total                  77 | |